OPINION
Plaintiff-appellant, the State of Ohio, appeals from the March 10, 1998, Decision of the Licking County Court of Common Pleas finding R.C. 2950.09 unconstitutional as being a retroactive law in violation of the Ohio Constitution. Defendant-appellee is Shon Green.
 STATEMENT OF THE FACTS AND CASE
On May 5, 1994, the Licking County Grand Jury indicted appellee on one count of felonious sexual penetration in violation of R.C.2907.12(A)(1)(b), an aggravated felony of the first degree. The indictment stated that on April 29, 1994, appellee had inserted his finger into the vaginal or anal cavity of Cassandra Triplett, who was less than thirteen (13) years of age. At his arraignment on May 16, 1994, appellee entered a plea of not guilty to the charge in the indictment. On August 1, 1994, appellee changed his not guilty plea to a plea of guilty to the charge of felonious sexual penetration. Thereafter, appellee was sentenced to prison for an indefinite sentence of five (5) to twenty five (25) years. A Judgment Entry memorializing appellant's plea and sentence was filed on August 1, 1994. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, in 1997, the warden of Southeastern Correctional Institution, the institution where appellant is incarcerated, mailed an H.B. screening form to the court recommending that appellee be adjudicated a sexual predator. After appellant, on January 30, 1998, filed a Petition to Determine Defendant to be a Sexual Predator based upon the screening form, the trial court scheduled a sexual predator hearing for March 9, 1998. Appellee, on February 4, 1998, filed a Motion to Dismiss the sexual predator proceedings, based on ex post facto, retroactivity and vagueness grounds. A stipulation regarding the testimony that Kelly Miller, an expert who has testified in other sexual predator hearings, would offer if called to testify was filed in lieu of a hearing. Pursuant to a Judgment Entry filed on March 10, 1998, the trial court found by clear and convincing evidence that appellee was a sexual predator as defined in R.C. 2950.01(E). In a separate Decision filed the same day, the trial court stated that while it found the registration portion of R.C. Chapter 2950 to be constitutional, it found the community notification requirements to be unconstitutional when applied retroactively. The trial court specifically concluded that the community notification requirements of Chapter 2950 violated Section 28, Article II of the Ohio Constitution. In its March 10, 1998, Decision, the trial court stated as follows:
 "the Court will notify the Department of Rehabilitation and Corrections that the defendant has been found to be a sexual predator as defined in R.C. 2950.01(E), however, the Department of Rehabilitation and Corrections shall be prohibited from placing such classification in the defendant's institutional record."
It is from the March 10, 1998, Decision that appellant prosecutes this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
 I
Appellant, in its sole assignment of error, challenges the trial court's conclusion that the registration and community notification provisions of Chapter 2950 violate the prohibition against retroactive laws contained in Section 28, Article II of the Ohio Constitution. Appellant's sole assignment is sustained on the authority of State v. Cook (1993), 83 Ohio St.3d 404, State v. Nosic (February 1, 1999), Stark App. No. 1997CA000248, unreported; and State v. Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported. We acknowledge that the Cook case dealt with the constitutionality of R.C. 2950.09(B)(1), which specifies that that section applies to anyone sentenced after the effective date of the statute even if the offense were committed before the effective date of the statute. The case before us deals with R.C.2950.09(C)(1), which specifies that it applies to anyone currently in prison even if the person committed a sexually oriented offense and was sentenced for it prior to the effective date of the statute. However, we find the analysis of the constitutional issues in Cook to be applicable to the case before us. Both of the code sections above deal with the application of changes in Chapter 2950 of the Revised Code to persons who have committed sexually oriented offenses prior to the effective date of those changes. The consequences of being found to be a sexual predator, whether under 2950.09(B)(1) or (C)(1), are the same in terms of registration and community notification. The Cook, supra, syllabus, case states: "R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution." The Ohio Supreme Court in Cook, supra, page 413, found that the registration and verification provisions of R.C. 2950 are remedial in nature and do not violate the ban on retroactive laws set forth in the Ohio Constitution. Further, the Ohio Supreme Court found that the dissemination provisions of R.C. 2950 "do not impinge on any reasonable expectation of finality" a defendant has with regard to a conviction for a sexually oriented offense, and, therefore, a defendant "had no substantive right in this regard." The Ohio Supreme Court continued and said: "[t]herefore, the notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws. To hold otherwise would be `to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.'" Cook, supra, page 414, quoting Doe v. Poritz, 142 N.J. 1 at 109, 662 A.2d 367 at 422. Appellant's sole assignment of error is sustained. The March 10, 1998, Decision of the Licking County Court of Common Pleas finding the community notification provisions of R.C. 2950 unconstitutional is reversed and this matter is remanded to the trial court so that it may enter an order directing the Ohio Department of Rehabilitation and Corrections to include in appellee's institutional record that appellee has been designated a sexual predator as defined in R.C. 2950.01(E). This matter is further remanded so that the trial court may comply with any and all other requirements of2950.09(C)(2).
By Edwards, J. Hoffman, P.J. and Farmer, J. concur